IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| THE KEDZIE PROJECT, LLC, | ) | Case No.: 09-45752 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**INTERIM ORDER ON (I) FIRST CHICAGO BANK & TRUST'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING CUSTODIAN TO REMAIN IN POSSESSION OF PROPERTY OF ESTATE AND GRANTING OTHER RELIEF, AND (II) DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL PURSUANT TO § 363(c)(2) AND (3) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001(b), AND TO GRANT ADEQUATE PROTECTION**

THIS MATTER COMING TO BE HEARD UPON (i) First Chicago Bank & Trust's Emergency Motion for an Order Authorizing Custodian to Remain in Possession of Property of Estate and for Other Relief (the "Section 543(d) Motion") filed by First Chicago Bank & Trust ("First Chicago"), and (ii) the Motion for Interim Use of Cash Collateral Pursuant to § 363(c)(2) and (3) of the Bankruptcy Code and Bankruptcy Rule 4001(b), and to Grant Adequate Protection (the "Cash Collateral Motion" and, together with the Section 543(d) Motion, the "Motions") filed by The Kedzie Project, LLC (the "Debtor"); this Court having jurisdiction over each of the Motions under 28 U.S.C. §§ 157 and 1334; the Court finding that each of the Motions is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); the Court finding that First Chicago has given due notice of the Section 543(d) Motion, and that the Debtor has given due notice of the Cash Collateral Motion, under the circumstances; the Court having conducted an interim hearing on the Motions; and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. The Section 543(d) Motion is granted on an interim basis and is set for a Final Hearing (as defined below) as set forth herein.

2. The Cash Collateral Motion is entered and continued and set for a Final Hearing as set forth herein.

3. Gary W. Kass (the "Receiver") is excused on an interim basis from compliance with 11 U.S.C. § 543(b)(1) and (2) *nunc pro tunc* to December 2, 2009 (the "Petition Date") through and including the conclusion of the Final Hearing, or such other date as may be set by further order of the Bankruptcy Court. The Receiver is authorized to continue in possession, custody, and control on an interim basis of 801-805 Chicago Ave./525-535 Kedzie Street, in Evanston, Illinois (the "Property") on the same terms as set forth in that certain Order appointing the Receiver entered on August 27, 2009 (the "Receiver Order"), by the Circuit Court of Cook County, Illinois, Case No. 08 CH 34403, and pursuant to applicable state law.

4. The Receiver is excused on an interim basis from compliance with 11 U.S.C. § 543(a) *nunc pro tunc* to the Petition Date through and including the conclusion of the Final Hearing, or such other date as may be set by further order of the Bankruptcy Court. The Receiver is authorized on an interim basis to disburse from, and take all necessary and appropriate action in the administration of, the Property, including the proceeds, products, offspring, rents, and profits of the Property (collectively, the "Rents"), to operate and maintain the Property on the same terms as set forth in the Receiver Order and pursuant to applicable state law.

5. The Debtor and its members, managers, agents and representatives shall cooperate and not interfere with the duties of the Receiver, including, without limitation, his collection of Rents or management of the Property, unless otherwise ordered by the Court. Without limiting the generality of the foregoing, the Debtor shall promptly account for and turn over to the

Receiver any and all Rents the Debtor has received before, on or after the Petition Date, or may receive in the future.

6. The Receiver shall provide the Debtor reasonable and complete access to the books and records of and relating to the Property and related documents and information.

7. The Receiver shall prepare, file and serve on parties in interest such operating reports relating to the Property as required by the United States Trustee through and including the conclusion of the Final Hearing, or such other date as may be set by further order of the Bankruptcy Court.

8. A final hearing on each of the Motions is set for January 27, 2010, commencing at 10:00 a.m. (the "Final Hearing").

9. The Debtor and First Chicago shall file and serve on parties in interest their respective witness and exhibit lists in connection with the Final Hearing, shall exchange copies of their proposed exhibits, and shall submit two (2) sets of their proposed exhibits to the Court on or before January 19, 2010. Exhibits may be submitted to the Court in electronic or hardcopy format; hardcopy exhibits submitted to the Court shall not be placed in notebooks.

10. Objections and motions *in limine* relating to the proposed witnesses and exhibits for the Final Hearing shall be filed and served on parties in interest on or before January 22, 2010. If a written objection to any particular witness or exhibit is not timely filed and served, such witness or exhibit shall be deemed admitted for purposes of the Final Hearing. The Court shall rule on the admission of any contested witness or exhibit during the course of the Final Hearing.

11. The Debtor and First Chicago are each granted leave to propound and take discovery relating to the issues set forth in or relating to the Motions pursuant to Bankruptcy


Rule 9014. All such discovery shall be completed on or before January 15, 2009 [handwritten: 2010/psh]. The parties shall negotiate in good faith to shorten the deadlines for responding to any and all discovery requests so that discovery may be completed on an orderly basis by the discovery cutoff date.

Dated: December ___, 2009     [stamp: DEC - 8 2009]

_____
Hon. Pamela S. Hollis
United States Bankruptcy Judge